**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3776

_____

ANDRE L. YOUNG,
Petitioner

v.

FEDERAL AVIATION ADMINISTRATION,
Respondent

_____

On Petition for Review of an Order of the
Federal Aviation Administration
(DOT Complaint No. 2015-0179)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 11, 2016

Before: AMBRO, GREENAWAY, JR., and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 26, 2016)

_____

OPINION[*]

_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Andre L. Young petitions for review of a decision by the Federal Aviation Administration (FAA), rejecting his claim that the Allegheny County Airport Authority (Airport Authority) failed to comply with regulations pertaining to the monitoring of the Airport Concessions Disadvantaged Business Enterprise (ACDBE) program. See generally 49 C.F.R. Part 23. We will deny the petition.

Because the Airport Authority receives grants from the Department of Transportation, see 49 U.S.C. § 47104, it is required under the ACDBE program to, inter alia, "take necessary action to ensure, to the maximum extent practicable, that at least 10 percent of all businesses at the airport selling consumer products or providing consumer services to the public are small business concerns (as defined by regulations of the Secretary) owned and controlled by a socially and economically disadvantaged individual (as defined in section 47113(a) of this title)." 49 U.S.C. § 47107(e)(1). Grant recipients must also "implement appropriate mechanisms to ensure compliance" with a comprehensive regulatory scheme "by all participants in the program." 49 C.F.R. § 23.29. For instance, grant recipients are directed to establish a "monitoring and enforcement mechanism" that includes "a written certification that you have reviewed records of all contracts, leases, joint venture agreements, or other concession-related agreements and monitored the work on-site at your airport for this purpose." Id. This monitoring requirement is used to "verify that the work committed to ACDBEs is actually performed by the ACDBEs[,]" id., and that "ACDBEs are actually performing

2

the work for which credit is being claimed[,]" 70 Fed. Reg. 14496-01, at 14,503 (Mar. 22, 2005).

Young's company, Salutations, Inc., owned twenty percent of a joint venture, Paradies-Pittsburgh, L.L.C., that ran stores at the Pittsburgh International Airport. In June 2015, Young filed a complaint with the FAA that the Airport Authority, which operates the Pittsburgh International Airport, had failed to properly monitor Paradies-Pittsburgh under the ACDBE program. After reviewing the evidence, the FAA concluded that the Airport Authority did not violate 49 C.F.R. § 23.29 because it "never counted/used Salutations, Inc. as either an ACDBE or DBE."

Young filed a petition for review of the FAA's decision. We have jurisdiction under 49 U.S.C. § 46110(a), which provides, in relevant part, that "a person disclosing a substantial interest in an order issued by the . . . [FAA] . . . may apply for review of the order by filing a petition for review in the [appropriate] . . . court of appeals . . . ."[1] See

---

[1] We decline the FAA's invitation to dismiss the petition on the basis that it was untimely filed. A "person disclosing a substantial interest in an order issued" by the FAA may petition for review in an appropriate court of appeals "not later than 60 days after the order is issued." 49 U.S.C. § 46110(a). The "court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day." § 46110(a); see also Corbett v. Transp. Sec. Admin., 767 F.3d 1171, 1178 (11th Cir. 2014) (holding that the 60-day deadline is not jurisdictional). Young concedes that he filed his petition in this Court 61 days after the FAA sent its order to him by email. Notably, however, Young explains that he attempted to file the petition at the federal courthouse in Pittsburgh within the 60-day window, but was "informed that the petition had to be filed in Philadelphia at the Appeals Court." He then "sent the appeal overnight and it arrived the following day." Because we conclude that these circumstances satisfy the "reasonable grounds" standard, we consider the petition timely filed.

3

Tulsa Airports Improvements Tr. v. United States, 120 Fed. Cl. 254, 261 (2015) ("Section 46110 relates to and governs judicial review respecting a broad spectrum of actions by the Secretary of Transportation, the Under Secretary of Transportation for Security, and the Administrator of the FAA.").

The FAA properly concluded that the Airport Authority did not violate § 23.29. When the joint venture began in 2001, Salutations and Paradies-Pittsburgh were not certified as ACDBEs. Salutations obtained that certification in 2013, but Young did not apply to have Paradies-Pittsburgh qualified as an ACDBE. Therefore, the Airport Authority did not impose ACDBE regulatory requirements on Salutations or Paradies-Pittsburgh. Under these circumstances, we conclude the FAA did not act arbitrarily and capriciously in determining that the Airport Authority was not required to monitor the terms of the joint venture pursuant to the ACDBE program. See 5 U.S.C. § 706(2)(A) (requiring that a reviewing court "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law").

Young also contends that § 23.29 broadly "applies to all minority partners/ACDBEs at every airport that accepts federal funding." Pet'r's Br., p.1. This argument apparently is based on the belief that ACDBE regulatory requirements applied to Salutations after it was certified in 2013, even though the Airport Authority did not

4

rely on Salutations for purposes of its ACDBE goals.[2]  The FAA, however, interprets § 23.29 to impose obligations on only those businesses that grant recipients count toward their ACDBE goals.  This interpretation is not "plainly erroneous or inconsistent with the regulation."  Flytenow, Inc. v. FAA, 808 F.3d 882, 890 (D.C. Cir. 2015) (quoting Auer v. Robbins, 519 U.S. 452, 461 (1997)).  Indeed, requiring monitoring of ACDBEs for which no credit is claimed would not serve to "verify that the work committed to ACDBEs is actually performed by the ACDBEs."  § 23.29.

Young further argues that the FAA's interpretation permits grant recipients to satisfy their ACDBE goals using businesses that do not meaningfully participate in commercial operations.  The FAA convincingly points out, though, that the regulations safeguard against this possibility by directing grant recipients to "count only ACDBE participation that results from a commercially useful function."  49 C.F.R. § 23.55(a); see also § 23.55(d) ("When an ACDBE performs as a participant in a joint venture, count a portion of the gross receipts equal to the distinct, clearly defined portion of the work of the concession that the ACDBE performs with its own forces . . . .").  In addition, the FAA may penalize a grant recipient that fails to administer an ACDBE program in good faith.  49 C.F.R. § 23.57(a).

---

[2] In support of this claim, Young relies on the FAA's Joint Venture Guidance in ACDBE Programs.  Notably, however, that Guidance demonstrates that grant recipients' monitoring obligation applies only to "joint ventures for which ACDBE participation is counted toward goals."  Joint Venture Guidance, § 6.4.

Finally, the FAA properly concluded that Young did not offer evidence of racial discrimination. Young's assertion that the "Airport Authority did discriminate when it denied me the opportunity to bid or even review the unpublished bidding process after I submitted a written request" is insufficient to establish a prima facie case of racial discrimination through circumstantial evidence. Indeed, conclusory allegations of discrimination without additional supporting details do not sufficiently demonstrate that the pleader is entitled to relief. See Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009) (holding that allegation in complaint that conduct was motivated "solely on account of . . . religion, race, and/or national origin" was conclusory and "not entitled to be assumed true") (citation omitted).

For the foregoing reasons, we will deny the petition for review.